765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
CALVIN KIDD, DEFENDANT-APPELLANT.
 NO. 84-3755
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL and JONES, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Calvin Kidd appeals his conviction by a jury in the United States District Court for the Northern District of Ohio of theft of mail by a postal employee in violation of 28 U.S.C. Sec. 1709 and injury to a mailbag in violation of 28 U.S.C. Sec. 1706.
 
 
 2
 On Saturday, January 21, 1984, Kidd, a janitor with the United States Postal Service, was on temporary assignment at the Post Office in Lakewood, Ohio. Sometime during the afternoon of that day, the cash receipts that had been taken in by the Lakewood postal clerks were stolen from a locked mail pouch. Shortly after the post office had closed at noon, the money had been counted, recorded and placed in the daily cash remittance envelope to be sent to the Main Post Office in downtown Cleveland. The remittance envelope then had been placed in a canvas mail pouch with the day's registered letters. This pouch had been locked and placed on the counter in the clerks' secured area to await dispatch at the end of the day.
 
 
 3
 John Skeans, the dispatch clerk in the Lakewood Post Office, testified that later that afternoon, when he went up to the clerks' area to obtain some envelopes, he saw Kidd, who appeared startled, in the restricted area standing over the canvas pouch. No one else was present. Skeans got his envelopes and left. Skeans also testified that he noticed a tear in the pouch later in the day when he delivered it to the truck driver taking mail to the Main Post Office, although he did not call the tear to anyone's attention at the time. The truck driver also noticed that the pouch was torn and asked Skeans to record that information on the dispatch receipt.
 
 
 4
 After the pouch was delivered to the Main Post Office, postal employees there discovered that the cash remittance envelope had been torn along the side and that the remittance cash was missing.
 
 
 5
 When Kidd was interviewed by the postal inspector investigating the case, he denied any involvement with the theft and denied seeing either the envelope or the canvas pouch before. However, the government later positively identified his left thumb print on the cash remittance envelope near the tear. The only other print lifted from the envelope was never identified.
 
 
 6
 Subsequently Kidd was indicted by a federal grand jury for theft of mail by a postal employee and injury to a mailbag. After a jury returned verdicts of guilty on both counts, Kidd filed a motion for judgment of acquittal or for a new trial. The motion was denied, and Kidd appealed.
 
 
 7
 On appeal, Kidd raises five arguments. First, he claims that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Second, he asserts that he was unfairly prejudiced when the prosecutor cross-examined him about whether he had admitted lying under oath on a previous occasion. Third, he argues that the district court improperly admitted evidence of his financial condition. Fourth, he claims that the district court improperly limited his cross-examination of government witnesses. Finally, he argues that the court committed prejudicial error in the instructions it gave to the jury and in refusing to give certain instructions he requested.
 
 
 8
 After carefully reviewing the record as a whole and considering the events, as we must, in a light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), we conclude that United States District Judge George White was correct in concluding that there was sufficient evidence to submit the case to the jury. Although there was some inconsistency between the testimony of the dispatch clerk and the testimony of the truck driver concerning the events that immediately led to their recording on the dispatch receipt that the mail pouch was torn, the remaining evidence, though circumstantial, clearly warranted submission of the case to the jury. By arguing hypothetical possibilities that might account for the presence of Kidd's fingerprint upon the envelope, the appellant essentially is seeking to revive the concept that the government must exclude every hypothesis consistent with innocence in order to prove a defendant guilty beyond a reasonable doubt. That concept was laid to rest conclusively in our circuit in United States v. Stone, 748 F.2d 361 (6th Cir. 1984). While Kidd argues by implication that he may have been set up by others who actually perpetuated the crime, we note that his testimony at trial was seriously contradicted by the testimony of the dispatch clerk, John Skeans, who testified that he had seen Kidd in a restricted area at a time when Kidd should not have been there and when Kidd in fact denied being on duty. More important, Kidd's testimony that the inspector handed him the remittance envelope on which his thumb print was later found is directly contradicted by the inspector's sworn testimony that Kidd was never allowed to touch the envelope and that, in any event, the envelope was encased in a protective cover at the time. Nothing suggests that the inspector possessed any personal motive falsely to implicate Kidd, and it was for the jury to resolve the credibility issues which thus arose.
 
 
 9
 We have carefully considered the remaining issues raised by the defendant and we conclude that they involved matters left to the discretion of the trial judge. We find that he did not abuse that discretion here.
 
 
 10
 AFFIRMED.
 
 
 11
 Jones, J. dissenting.
 
 
 12
 I respectfully dissent because I believe the evidence was insufficient to submit to the jury. Viewing the evidence in the light most favorable to the government, the evidence showed only that Kidd was seen near the pouch at a time in which the area was restricted, that he appeared startled, and that his fingerprint was on the envelope inside the pouch. The evidence against Kidd was based primarily upon the testimony of John Skeans whose own conduct was suspicious; although Skeans had known of the tear in the pouch, he failed to report the tear despite his obligation to do so. Further, there was testimony that Kidd's fingerprint may have been placed on the envelope when he was cleaning the area in which the envelopes were kept. Consequently, there was no direct evidence of Kidd's guilt and the circumstantial evidence was equally consistent with Kidd's innocence as with his guilt. United States v. Combs, 672 F.2d 574, 576-77 (6th Cir.), cert. denied, 459 U.S. 835 (1982); United States v. Campion, 560 F2d 751, 753-54 (6th Cir. 1977); United States v. Leon, 534 F.2d 667, 677 (6th Cir. 1976). Consequently, I do not believe there was substantial evidence on the record as a whole to support the judgment. United States v. Stone, 748 F.2d 361, 363 (6th Cir. 1984). Although I recognize that the conviction was based upon a jury verdict, I note the numerous questionable rulings in this case. The combination of the wholly circumstantial evidence and the trial court's rulings on the cross-examination of defendant regarding prior bad acts and his financial condition require that I dissent.