977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Louis ROGALA, Defendant-Appellant.
 Nos. 89-2034, 91-2362.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 The jury convicted defendant-appellant, Daniel Rogala, of robbing the Comerica Bank under 18 U.S.C. § 2113(a). The issues are whether: (1) sufficient evidence supports defendant's conviction; (2) the district court prejudicially excluded evidence; (3) defense counsel was ineffective at trial; (4) defense counsel was ineffective at sentencing; and (5) defendant has a right to remain silent until exhaustion of his appeal as a matter of right and still receive an acceptance of responsibility adjustment. For the following reasons, we AFFIRM defendant's conviction and sentence.
 
 I. PROCEDURE
 
 2
 After appealing his conviction and sentence, defendant filed an application for writ of habeas corpus or motion to remand with this court. This court held the appeal in abeyance and granted the motion to remand to allow the district court to consider defendant's ineffective assistance of counsel claims. After the district court denied defendant's motion to vacate, set aside, or correct sentence, defendant appealed. This court consolidated the two appeals.
 
 II. ANALYSIS
 
 3
 (A) SUFFICIENT EVIDENCE SUPPORTS DEFENDANT'S CONVICTION
 
 
 4
 Defendant argues, as he argued to the jury, that he established a reasonable doubt about whether he committed the crime by impeaching a bank teller, the one witness who identified him. The jury rejected this argument. This court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence need not be inconsistent with every conclusion except guilt to sustain the jury's verdict. United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). Viewing the evidence in the government's favor, the jury "could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.
 
 
 5
 (B) THE DISTRICT COURT'S EXCLUSION OF CERTAIN EVIDENCE WAS NOT AN ABUSE OF DISCRETION.
 
 
 6
 Defendant argues that the district court improperly precluded any testimony regarding items similar to those previously identified by a bank teller, which the Federal Bureau of Investigation seized during its investigation of another suspect, Paul Lawson. However, this court must affirm the district court's evidentiary rulings, unless the district court abused its discretion. United States v. Arnold, 890 F.2d 825, 828 (6th Cir.1989); United States v. Mahar, 801 F.2d 1477, 1495 (6th Cir.1986).
 
 
 7
 The government objected to the admission of any evidence concerning Lawson. However, the district court overruled the objection and read a stipulation into the record, stating that Lawson's mother informed the police that her son had committed a different bank robbery and the person depicted in the photograph of the Comerica Bank robbery resembled her son. While cross-examining Special Agent Kaiser, defendant introduced the issue of another suspect. The jury then learned that the first photo spread shown to the bank teller, which she stated did not depict the robber, contained Lawson's photograph. Thereafter, defendant attempted to introduce into evidence the fruits of a search warrant executed at Lawson's residence. This evidence consisted of three baseball caps and three flannel shirts found at Lawson's home. On the day of the Comerica Bank robbery, the robber wore a blue and white flannel jacket, a blue T-shirt, blue baseball cap, and blue jeans. However, as none of the clothing seized from Lawson's home matched the clothing worn by the robber, the district court did not abuse its discretion in excluding this evidence.
 
 
 8
 (C) DEFENSE COUNSEL WAS NOT INEFFECTIVE AT TRIAL.
 
 
 9
 As defense counsel did not call alibi witnesses, who were available and willing to testify, defendant argues that defense counsel was ineffective at trial. However, defendant has not shown that "counsel's performance was deficient" and "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). First, defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Defendant carries a heavy burden, because "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689.
 
 
 10
 The question of sound trial strategy is at issue in this action. As the main alibi witness, defendant's girlfriend, had recanted and changed her story, defense counsel explained that she made a tactical decision not to call any alibi witnesses or defendant. The district court held: "The record clearly indicates that defense counsel diligently investigated and pursued potential alibi witnesses but eventually decided, for strategy reasons, not to call them. The Court is unwilling to second guess this decision."
 
 
 11
 Defendant has also claimed that counsel was ineffective because of her failure to call other alibi witnesses and to call the defendant himself as a witness. However, defense counsel had interviewed those other witnesses, such as the landlord, and had them at trial ready to testify. After conferring with defendant, a tactical decision was made by defense counsel not to call any alibi witnesses and not to use the defendant himself. As the girlfriend might have contradicted the defense witnesses or implicated defendant by testifying that he was not with her at the time of the robbery and the government may have impeached defendant through his girlfriend's testimony had he taken the stand, defendant has failed to overcome the presumption that defense counsel's actions constituted "sound trial strategy." Id.
 
 
 12
 Moreover, although defendant asserts he wanted to testify, he also argues that he had a constitutional right to remain silent on the issue of acceptance of responsibility. If he wanted to assert his acceptance of responsibility, then had he been called as a witness, he obviously would have admitted the crime. Thus, the tactical decision not to testify was appropriate.
 
 
 13
 Finally, defendant claims the district court should have conducted an evidentiary hearing on his motion to vacate. However, as the issue before the court was whether defense counsel was ineffective, the focus was upon whether counsel was aware of the potential testimony of the witnesses and made a tactical decision not to use them. Furthermore, the affidavits submitted by the parties had "little difference between the two," according to the district court's opinion, so there was no need for a hearing to resolve any factual disputes.
 
 
 14
 (D) DEFENSE COUNSEL WAS NOT INEFFECTIVE AT SENTENCING.
 
 
 15
 As defense counsel advised defendant not to respond to any questions related to responsibility for the crime, causing defendant not to accept responsibility for the crime at sentencing, defendant argues that defense counsel was ineffective at sentencing. The relevant United States Sentencing Guidelines ("USSG") provision provides: "A defendant may be given consideration ... without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or the jury...." USSG § 3E1.1(b).
 
 However, the commentary states:
 
 16
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt....
 
 
 17
 UUSG § 3E1.1, Commentary, Application Note 2. Since this November 1, 1990, commentary amendment is one of clarification, not substance, it may be applied retroactively. United States v. Luster, 889 F.2d 1523, 1529 (6th Cir.1989); United States v. Smith, 887 F.2d 104, 106-08 (6th Cir.1989).
 
 
 18
 The district court stated: "[G]iven petitioner's desire to maintain his innocence and seek an appeal, trial counsel's advice to maintain innocence on the presentence report was the only reasonable course of action." As this constitutes valid trial strategy and defendant was not entitled to an acceptance of responsibility adjustment in any event, defendant has failed to overcome the presumption that defense counsel's actions constituted "sound trial strategy." Strickland, 466 U.S. at 689.
 
 
 19
 (E) DEFENDANT IS NOT ENTITLED TO REMAIN SILENT AND STILL RECEIVE AN ACCEPTANCE OF RESPONSIBILITY ADJUSTMENT.
 
 
 20
 Defendant argues that he had a constitutional right to deny responsibility until exhaustion of his appeal as a matter of right and still receive an acceptance of responsibility adjustment. However, defendant is not entitled to re-sentencing, unless his sentence is illegal or unconstitutional. Thus, as USSG § 3E1.1 is constitutional, United States v. Monsour, 893 F.2d 126, 129 (6th Cir.1990), defendant is not entitled to remain silent and still receive an acceptance of responsibility adjustment.
 
 
 21
 For these reasons, we AFFIRM defendant's conviction and sentence.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation