983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William L. WOODS, Defendant-Appellant.
 No. 92-5614.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge*
 PER CURIAM.
 
 
 1
 Defendant William Woods ("Woods") appeals his conviction for possession of cocaine with intent to distribute. This Court concludes that the judgment of conviction will be AFFIRMED.
 
 I.
 
 2
 Two detectives with the Shelby County Sheriff's office in Memphis, Tennessee, Frantzman and Arnold, investigated Woods who was suspected of selling cocaine. Frantzman acting undercover purchased cocaine from Woods on two occasions, and the police observed Woods driving a black Porsche automobile. The Shelby County grand jury indicted Woods on two counts of possession of cocaine with intent to distribute, and a state warrant was issued for his arrest.
 
 
 3
 Detectives Frantzman and Arnold went to Woods' apartment to arrest him. Arnold walked into the parking garage adjacent to the apartment building to see if the black Porsche car was present which would indicate that Woods was in his apartment. Frantzman remained in the police vehicle. Arnold located the Porsche in the garage and observed Woods walking toward the car with a bag in his hand. Arnold watched Woods get into the Porsche and start to leave. Arnold returned to the police vehicle with Frantzman, and they followed Woods. The officers stopped Woods at the intersection of two city streets by using their police vehicle to block the front of the Porsche. The officers arrested Woods on the outstanding warrant and moved the Porsche out of the street approximately one hundred yards to a store parking lot. For about fifteen minutes with Woods present, the officers searched the Porsche looking for weapons and drugs. They found 255 grams of cocaine in a passenger side door compartment. The cocaine was inside of the same bag which Arnold had earlier observed Woods carrying to his car in the garage.
 
 
 4
 Woods was indicted on one count of possession of the 255 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and he made a motion to suppress the cocaine from evidence on the ground that his Fourth Amendment right against unreasonable search and seizure had been violated. The government argued that the police had the right to search the Porsche incident to a lawful arrest and also to inventory its contents. The district court ruled that once the police arrested Woods, they had the right to conduct an inventory search of the Porsche which resulted in the discovery and seizure of the cocaine, therefore, the motion to suppress was denied.
 
 II.
 
 5
 On appeal Woods argues the district court erred in denying his motion to suppress in that the warrantless search of his automobile cannot be justified as an inventory search because it was not conducted in compliance with standard police procedures designed to produce an inventory of the vehicle's contents. Florida v. Wells, 495 U.S. 1, 4 (1990); Colorado v. Bertine, 479 U.S. 367, 372-76 (1987). However, this Court concludes that the automobile search was properly conducted by the police incident to the arrest of Woods. New York v. Belton, 453 U.S. 454, 460 (1981); United States v. White, 871 F.2d 41, 43-44 (6th Cir.1989); United States v. Pino, 855 F.2d 357, 363-64 (6th Cir.1988), amended, 866 F.2d 147 (6th Cir.1989), cert. denied, 493 U.S. 1090 (1990); United States v. Hatfield, 815 F.2d 1068, 1071 (6th Cir.1987). The Belton rule is that when a police officer lawfully arrests the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment and examine the contents of any containers found therein. The Belton rule applies even though the person arrested is handcuffed, placed in the back of a police car, and is out of reach of his automobile and anything in it. "[O]nce a police officer has effected a valid arrest, that officer can search the area that is or was within the arrestee's control." White, 871 F.2d at 44 (emphasis in original).
 
 
 6
 The district court declined to apply the search incident to an arrest exception expressing concern about the police moving Woods' car to a different location before searching it. The police stopped and arrested Woods in the middle of a busy intersection of two city streets. The police promptly moved the Porsche 100 yards to a store parking lot to conduct the search. The car was moved for safety purposes to get it out of the way of other traffic. Woods was present standing near his car while it was being searched. The search was contemporaneous with the arrest and was not remote in time or place from the arrest. Fornash v. Marshall, 686 F.2d 1179, 1189-90 (6th Cir.1982), cert. denied, 460 U.S. 1042, reh. denied, 461 U.S. 940 (1983); Arwine v. Bannan, 346 F.2d 458 (6th Cir.), cert. denied, 382 U.S. 882 (1965). The movement of Woods' car a relatively short distance to a place of safety does not preclude this Court from holding that it was a valid warrantless search incident to an arrest under Belton. See United States v. Pollack, 895 F.2d 686, 693 (10th Cir.), cert. denied, 111 S.Ct. 520, 112 L.Ed.2d 532 (1990).
 
 III.
 
 7
 Woods next argues the district court erred in permitting the government to introduce proof to the jury of the two prior transactions where Frantzman purchased cocaine from Woods. Woods made his objection under Fed.R.Evid. 404(b) which provides in part:
 
 
 8
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 9
 At trial Woods denied he had any knowledge of the cocaine seized from his car. The government asserted that the two prior cocaine transactions were probative evidence of Woods' intent, motive, scheme, plan and knowledge. The district court found the evidence admissible to show knowledge and intent, and a cautionary instruction was given to the jury.
 
 
 10
 The decision whether to admit evidence under Rule 404(b) requires a three-part analysis. "First, it must be determined as a matter of preliminary fact whether there is sufficient evidence that the prior act occurred." United States v. Gessa, 971 F.2d 1257, 1261 (6th Cir.1992). There is no dispute about this issue in the present case because the police officers testified about the prior drug transactions with Woods which were videotaped.
 
 
 11
 Second, a legal determination must be made whether the prior act committed by Woods is relevant and admissible for a proper purpose such as showing intent or knowledge. Id. Rule 404(b) only bars evidence of other prior bad acts that are offered to show criminal disposition or propensity. If the evidence has an independent purpose such as showing intent and knowledge, its admission is not prohibited under Rule 404(b). United States v. Ushery, 968 F.2d 575, 580 (6th Cir.), cert. denied, 113 S.Ct. 392 (1992); United States v. Blakeney, 942 F.2d 1001, 1017-18 (6th Cir.1991), cert. denied, 112 S.Ct. 881, 116 L.Ed.2d 785 (1992). To be relevant the evidence must relate to a matter which is in issue and must deal with conduct which is substantially similar and reasonably near in time to the offense for which defendant is being tried. United States v. Feinman, 930 F.2d 495, 499 (6th Cir.1991); United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985). Here, the prior drug transactions were substantially similar and reasonably near in time to Woods' possession of cocaine in his car. United States v. Benton, 852 F.2d 1456, 1468 (6th Cir.), cert. denied, 488 U.S. 993 (1988) ("[W]here evidence of prior bad acts is admitted for the purpose of showing intent, the prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent.").
 
 
 12
 Woods denied any knowledge of the cocaine seized from his car. Evidence of the prior drug transactions was admissible to prove that Woods had the knowledge and intent to possess cocaine for distribution. By raising this defense, Woods put in issue his knowledge and intent. The prosecution is entitled to introduce evidence of prior crimes under Rule 404(b) to rebut defense claims of lack of intent and knowledge. Feinman, 930 F.2d at 499; United States v. Robison, 904 F.2d 365, 368 (6th Cir.), cert. denied, 111 S.Ct. 360, 112 L.Ed.2d 323 (1990); United States v. Acosta-Cazares, 878 F.2d 945, 948-50 (6th Cir.), cert. denied, 493 U.S. 899 (1989); Benton, 852 F.2d at 1467-68; United States v. Ismail, 756 F.2d 1253, 1258-60 (6th Cir.1985).
 
 
 13
 Third, the district court must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The district court has broad discretion in balancing probative value against potential prejudicial impact, and the Court of Appeals reviews the district court's decision under an abuse of discretion standard. United States v. French, 974 F.2d 687, 695 (6th Cir.1992); Gessa, 971 F.2d at 1262; Feinman, 930 F.2d at 499. After reviewing the record, this Court concludes that the district court did not abuse its discretion.
 
 
 14
 The evidence of the prior cocaine transactions was probative as to Woods' specific intent to distribute cocaine, see United States v. Rodriguez, 882 F.2d 1059, 1064-65 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990), and its probative value outweighed its prejudicial effect. "The government may use evidence of similar acts that are probative of intent if specific intent is an element of the crime charged...." French, 974 F.2d at 695 (citations omitted). The district court minimized the potential prejudicial effect by giving a cautionary instruction to the jury.
 
 
 15
 The evidence of the two prior cocaine transactions was properly admitted under Fed.R.Evid. 404(b).
 
 IV.
 
 16
 Finally, Woods contends the government failed to prove beyond a reasonable doubt that he knowingly possessed the cocaine with the intent to distribute it. Woods testified he had no knowledge of the existence of the cocaine in the car and he was in the habit of leaving the car unlocked while parked in the garage. Woods also argues there was no testimony at trial indicating that he either personally put the cocaine in the passenger side compartment or had any knowledge of it. These contentions are without merit.
 
 
 17
 The standard of review in a criminal case for a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial evidence alone is sufficient to sustain a conviction and the evidence need not remove every reasonable hypothesis except that of guilt. United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989); United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). A judgment of conviction will be reversed only if it is not supported by substantial competent evidence upon the record as a whole. This rule applies whether the proof is direct or entirely circumstantial. Id.
 
 
 18
 Arnold testified he saw Woods carry a bag to his car. Woods was the only person in the car. When Arnold later searched the car, he found the same bag in the passenger side compartment and it contained the cocaine. Any rational trier of fact could reasonably find from this proof that Woods knowingly placed the bag of cocaine in his car. Woods contends he was also seen by an employee at the apartment complex, William Jones, who testified that Woods did not leave with a bag in his hand. However, this Court is required to view all evidence in the light most favorable to the government. The jury assessed the credibility of the witnesses and obviously chose to believe Arnold.
 
 
 19
 Woods argues the government failed to prove that he intended to distribute the cocaine seized from his car since no government witness testified he had such intent or that Woods actually sold the cocaine. However, the jury could reasonably infer from the relatively large amount of the cocaine and from the prior drug transactions that Woods had the specific intent to distribute the cocaine.
 
 
 20
 Accordingly, the judgment of conviction is AFFIRMED.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation