UNITED STATES of America,
Plaintiff-Appellee,

v.

Zane Grey WAGES, Defendant-Appellant.

No. 71-1558.

United States Court of Appeals,
Sixth Circuit.

April 24, 1972.

George F. Carr, Jr., Cincinnati, Ohio (Court appointed), for defendant-appellant; Kyte, Conlan, Wulsin & Vogeler, Cincinnati, Ohio, on brief.

James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before CELEBREZZE, MILLER and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from a conviction for violation of the Dyer Act, Title 18 U.S.C. § 2313.[1]  Only one issue is

1. 18 U.S.C. § 2313.  Sale or receipt of stolen vehicles.  Whoever receives, con-

ceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving

presented on appeal: "Was there sufficient evidence that the vehicle was stolen at the time of its interstate transportation to warrant submission of the case to the jury." We recognize that in weighing the sufficiency of the evidence presented on the trial, all of the evidence direct and circumstantial and the reasonable inferences to be drawn therefrom, are required to be viewed in the light most favorable to the Government. United States v. Wolfenbarger, 426 F.2d 992 (6th Cir. 1970); United States v. Milby, 400 F.2d 702 (6th Cir. 1968), but the evidence in support of the Government's claims must be something more than a mere scintilla. As stated by this Court in United States v. Martin, 375 F.2d 956, 957 (6th Cir. 1967):

"Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred."

When the prosecution finds it necessary to establish one of the essential elements of the crime by circumstantial evidence then that evidence and the reasonable inferences to be drawn therefrom must not only be consistent with guilt but inconsistent with innocence. As said by the Court of Appeals for the Fifth Circuit in Fitzpatrick v. United States, 410 F.2d 513, 516 (1969):

"But in a circumstantial evidence case the inferences to be drawn from the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. Montoya v. United States [5 Cir., 402 F.2d 847], supra."

The facts in Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970), are somewhat analogous to those in the instant case. The defendant was a mechanic in a garage where the vehicle in question was being repaired. After the repairs had been completed the defendant drove the vehicle from the garage across the state line to his home. The defense was that he originally intended to "road test" the car on the most available and desirable highway, which crossed the state line, and then decided to go to his home to find someone to give him a ride after he took the car back to the garage. The only testimony as to whether or not the car was stolen was circumstantial evidence by those who saw him driving the vehicle in question near his home. The Court of Appeals for the Tenth Circuit said, in part, at page 1091:

"* * * the permissible inferences on the 'stolen' car issue are as consistent with innocence as with guilt, causing the verdict to fail under the substantial evidence test. Because of the legal insufficiency of the evidence proffered to establish the vehicle as stolen, the jury should never have been required to speculate on the guilt or innocence of Lewis and the motion for a judgment of acquittal made at the close of the .evidence should have been sustained."

Turning to the evidence in this case we find that the record shows that on February 23, 1970 the tractor in question was parked on a truck lot in the City of Detroit. The tractor was owned by Maude Rancourt. Maude Rancourt had leased it to Darling Freight Lines which had a terminal in the vicinity of Detroit, Michigan, and was engaged in the business of hauling freight interstate. Under the terms of the lease agreement the lessor, Maude Rancourt, reserved the right to designate the individual assigned to drive the vehicle in question, in this case one Mike Keene. The tractor was removed from the truck lot February 23, 1970 by Mike Keene who has not been seen since. Six weeks later the tractor was located in Kentucky in the possession of one Epperhart. There was evidence to show that the de-

as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen,

shall be fined not more than $5,000 or imprisoned not more than five years, or both.

fendant sold the tractor to Epperhart under circumstances from which the jury would have been justified in concluding that defendant knew the tractor had been stolen. There was no evidence to show when or under what circumstances the tractor moved from Michigan to Kentucky. Mrs. Rancourt testified that the tractor had been stolen, but she also testified that she had no knowledge of what, if any, instructions had been given to Keene by Darling Freight Lines. She testified that Darling Freight Lines, the lessee, designated the load to be hauled and its destination. Her testimony was that she exercised no control over the operation of the vehicle or the trips made by the driver and stated that if the driver Keene drove the tractor on Darling Freight Lines business then he was driving with permission. In this respect she testified in part:

"Q. Mrs. Rancourt, the Darling Freight Lines had control over the journeys and the routes that your tractor took hauling their loads—wherever Darling Freight Lines said drive to Keene, why that was all right with you, and he could have gone to Wisconsin, or New York, or Kentucky, or Florida, wherever, so long as he was driving on a Darling Freight Lines mission?

A. That's right." (Tr. pg. 47)

The only other evidence as to the theft of the vehicle was by a representative of the Melvindale (Michigan) Police Department who testified that according to the complaint a Harold Dick (now deceased), an employee of Mrs. Rancourt, made a report on March 3, 1970, about a *"possible* U.D.A.A. (unlawful driving away of automobile)." (Emphasis supplied). Harold Dick was employed by Maude Rancourt and not by Darling Freight Lines. No representative of Darling Freight Lines was called to the witness stand to testify as to whether Keene had or had not been instructed to drive to Kentucky. There is nothing in this record to indicate whether Darling

Freight Lines was authorized to operate in Kentucky. There is nothing in this record to negative the inference that Keene was driving on Darling Freight Lines' business when he left Detroit with the tractor. We find nothing in this record from which the jury could conclude that the transportation (driving) of the tractor from Michigan to Kentucky was done at a time when the tractor had been stolen.

We conclude, therefore, that the circumstantial evidence in this case was insufficient to justify the submission of the case to the jury. The trial court should have granted the defendant's motion for judgment of acquittal made at the end of the proofs.

The judgment of the District Court is reversed and the case is remanded for entry of a judgment of acquittal.