**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marvin STONE (83–5015), (84–5167),**

**Edwin Driggers (83–5016),**
**Defendants-Appellants.**

**Nos. 83–5015, 83–5016 and 84–5167.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 8, 1984.

Decided Nov. 27, 1984.

---

Daniel H. Greenberg (argued), New York City, for defendants-appellants in Nos. 83–5015 and 83–5167.

Louis DeFalaise, U.S. Atty., Robert F. Trevey, Asst. Atty. Gen. (argued), Lexington, Ky., for plaintiff-appellee in Nos. 83–5015, 83–5016 and 83–5167.

Lowell Lundy, Lois Renfro Morris, (argued), Barbourville, Ky., for defendant-appellant in No. 83–5016.

Before ENGEL and KRUPANSKY, Circuit Judges, and WEICK, Senior Circuit Judge.

ENGEL, Circuit Judge.

Defendants Marvin Stone and Edwin Driggers appeal from a judgment of conviction entered against them by United States District Judge Eugene E. Siler, Jr. after a trial before a jury. Marvin Stone also appeals from an order of Judge Siler denying Stone's motion for a new trial.

The United States filed an indictment on May 18, 1982. The indictment charged defendants Edwin Driggers, Marvin Stone, and Roy K. Cornelius with conspiracy to defraud individuals who formed limited partnerships in order to invest in tax shelter programs in violation of 18 U.S.C. § 371 and with three counts of mail fraud in violation of 18 U.S.C. § 1341. A jury found Edwin Driggers and Marvin Stone guilty on all counts. On January 3, 1983, Judge Siler imposed sentences on Driggers and Stone. The district court denied the defendants' motions for acquittal pursuant to F.R.Cr.P. 29(c) and for a new trial pursuant to F.R.Cr.P. 33.

The defendants Stone and Driggers appeal from their convictions contending that the district court erred in not granting their motions for acquittal since there was insufficient evidence of a conspiracy to defraud and insufficient evidence of mail fraud. Defendant Stone also contends that the district court erred in not granting a new trial because evidence of a newspaper interview was improperly admitted and, alternatively, because the district court failed to hold a post-trial evidentiary hearing regarding whether certain documents were forged.

■ After a careful examination of the record and a consideration of the briefs of the parties, we are fully satisfied that none of the grounds raised on appeal has merit or warrants any extended discussion. We write only to lay to rest once and for all the assertion made by counsel for defendant Driggers that "when the prosecution finds it necessary to establish one of the essential elements of the crime by circumstantial evidence, then that evidence and the reasonable inferences to be drawn therefrom must not only be consistent with guilt but inconsistent with innocence." This language is taken from *United States v. Wages*, 458 F.2d 1270, 1271 (6th Cir. 1972), and repeated by our court in *United States v. Roberts*, 465 F.2d 1373, 1376 (6th Cir.1972). *See also United States v. La-Rose*, 459 F.2d 361 (6th Cir.1972). While the cited rule in *Wages* enjoyed a brief but uncertain popularity in our circuit, the decisions of our court since then have unmistakably rejected it in favor of the majority view that circumstantial evidence alone can sustain a guilty verdict and that to do so, circumstantial evidence need *not* remove every reasonable hypothesis except that of guilt. Where the jury is properly instructed on the standards for reasonable doubt, additional instructions as urged here are both confusing and incorrect. *Holland v. United States*, 348 U.S. 121, 139–40, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). Such cases in our circuit are *United States v. Luxenberg*, 374 F.2d 241, 249 (6th Cir. 1967); *United States v. Conti*, 339 F.2d 10, 12–13 (6th Cir.1964); *United States v. Scales*, 464 F.2d 371, 373 (6th Cir.1972); *United States v. Dye*, 508 F.2d 1226, 1231 (6th Cir.1974), *cert. denied*, 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653 (1975); *United States v. Eisner*, 533 F.2d 987, 989–990 (6th Cir.1976), *cert. denied*, 429 U.S. 919, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976); and, finally, *United States v. Scott*, 578 F.2d 1186, 1191–1192 (6th Cir.1978), *cert. denied*, 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 182 (1978), wherein Judge Weick after carefully reviewing the parallel of the two rules

clearly rejected the rule in *Wages* and *La-Rose,* and concluded that they can "be regarded only as an aberration, and will not be followed by us in this case." *United States v. Scott, supra,* at 1192.

In short, we hold once and for all that our court on appeal will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and that this rule applies whether the evidence is direct or wholly circumstantial. It is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt. To the extent that our previous decisions have indicated our approval of a contrary rule, they are rejected and overruled. Specifically, language to the contrary in *United States v. Wages,* 458 F.2d 1270 (6th Cir. 1972), *United States v. Roberts,* 465 F.2d 1373 (6th Cir.1972), and *United States v. LaRose,* 459 F.2d 361 (6th Cir.1972) is rejected and overruled.

The judgment of the district court is AFFIRMED.