782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
TERRY JOSEPH SPECKIN, Defendant-Appellant.
 85-1191
 United States Court of Appeals, Sixth Circuit.
 12/19/85
 
 BEFORE: KEITH, KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Terry Joseph Speckin appeals his conviction for two counts of knowingly and intentionally importing a controlled substance into the United States in violation of 21 U.S.C. Secs. 952(a), 960(a)(1), 960(b)(1) and 18 U.S.C. Sec. 2.
 
 
 2
 On February 23, 1984, two packages containing cocaine and bearing the same bogus return address were mailed from Bogota, Columbia. The packages were addressed to Mark Walker, appellant's brother and Patricia Sebastian, appellant's girlfriend. Handwriting analysis demonstrated that Speckin addressed both packages. In addition, two of appellant's fingerprints appeared on the package addressed to Sebastian.
 
 
 3
 The evidence at trial further disclosed that in January of 1984, Speckin purchased with cash a round trip ticket for flights between Miami, Florida and Bogota, Columbia. Prior to his scheduled departure date, appellant informed friends that he would be vacationing in South America. Shortly before his departure, appellant had been seen with $1,000 cash in his possession.
 
 
 4
 The packages imported into the United States contained a total of 99.71 grams of cocaine. During the relevant time period, 100 grams of cocaine could be purchased in Colombia for between $500 and $1,000 and had a street value in the United States of approximately $30,000.
 
 
 5
 Speckin telephoned both Sebastian and Walker to inform them that they would be receiving packages in the mail. Moreover, upon his return from South America, Speckin was observed at Sebastian's apartment waiting for the mailman to deliver the package addressed to her. Both Sebastian and Walker were granted immunity for testifying at appellant's trial.
 
 
 6
 Appellant charges that his defense was irreversibly prejudiced by Sebastian's and Walker's testimony concerning their respective immunity agreements, although both were exhaustively interrogated about these agreements during the trial. Relying on United States v. Vandetti, 623 F.2d 1144 (6th Cir. 1980), appellant charges that the government conferred immunity on the witnesses in a manner tantamount to presenting them before the jury with knowledge that they would invoke their testimonial privilege.
 
 
 7
 In Vandetti, the prosecutor called as witnesses the appellant's convicted codefendants. Prior to trial, all six codefendants had unequivocally stated through counsel that they would claim their fifth amendment privileges and refuse to testify. Despite his knowledge that the codefendants would invoke their testimonial privilege in the presence of the jury, the prosecutor nonetheless called them as witnesses. In that case, the trial judge required each codefendant to identify himself and to testify that he had been convicted in an earlier trial for participating in the same illegal gambling business that defendant was charged with conducting. Each witness asserted his fifth amendment rights in the presence of the jury subsequent to further interrogation by the prosecutor.
 
 
 8
 The Vandetti appellate court concluded that it was error to admit the foregoing testimony where the codefendants' prior convictions were not only irrelevant to a determination of the defendant's guilt, but may have persuaded the jury that the gambling operation at issue was a gambling business in which five or more persons were involved. In the case at bar, neither Sebastian nor Walker invoked the privilege in the manner proscribed by Vandetti and both witnesses were subjected to full and complete cross-examination. Accordingly, appellant's reliance upon Vandetti is misplaced.
 
 
 9
 Appellant also argues that the evidence adduced at trial was insufficient to support his conviction. To support a conviction for importing a controlled substance under 21 U.S.C. Sec. 952, the Government must prove beyond a reasonable doubt that the defendant imported a controlled substance into the United States and that he knew at the time of importation that the substance was in fact controlled. United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed. 2d 1188 (1976). Where, as here, the government's evidence is circumstantial, it need not exclude every reasonable hypothesis except that of guilt. United States v. Stone, 748 F.2d 361, 363 (6th Cir. 1984); United States v. Adamo, 742 F.2d 927, 932 (6th Cir. 1984).
 
 
 10
 Initially, appellant argues that there was insufficient evidence to prove his presence in Bogota. However, the evidence at trial revealed that appellant had purchased a round-trip ticket from Miami to Bogota, had informed others that he was traveling to South America, and had been seen with approximately $1,000 in cash prior to his departure. Further, one of the packages mailed from Bogota carried appellant's fingerprints and both packages had been addressed by appellant. A rational trier of fact could find that this circumstantial evidence proved appellant's presence in Colombia beyond a reasonable doubt.
 
 
 11
 In what appears to be an inconsistent position, appellant also argues that the evidence was insufficient to prove that he had knowledge that a controlled substance had been imported. It is well established that knowledge of the controlled nature of an imported substance is subject to proof by circumstantial evidence. U.S. v. Restrepo-Granda, 575 F.2d 524, 527 (5th Cir.), cert. denied 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978). The evidence adduced at trial disclosed that the packages at issue contained identical bogus return addresses and were addressed to individuals the appellant could trust--his brother and his girlfriend. The evidence further disclosed that the appellant addressed the packages, alerted the recipients that the packages would be arriving, told his brother not to open his package, and waited for delivery of the packages at his girlfriend's apartment. From this course of conduct, a reasonable trier of fact could infer that the appellant knew that the packages contained a controlled substance.
 
 
 12
 Accordingly, the appellant's conviction is hereby affirmed.