798 F.2d 1417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenza STANFORD, Defendant-Appellant.
 No. 85-1681.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1986.
 
 Before ENGEL, CONTIE and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Lorenza Stanford appeals his conviction obtained in the United States District Court for the Eastern District of Michigan on one count alleging a violation of 18 U.S.C. S 841(a)(1). Stanford was named in Count Four of a thirty-four count indictment arising from a scheme to defraud Blue Cross/Blue Shield of Michigan. Stanford went to trial alone, was found guilty by jury verdict of distributing dilaudid and was sentenced to three years of imprisonment with a special parole term of three years.
 
 
 2
 On appeal, Stanford challenges an instruction given to the jury after it was empaneled and prior to the introduction of any evidence. In the course of directing the jury to pay attention to the testimony, the district judge warned that the court reporter would not read the entire transcript back at the end of the trial. Stanford also challenges instructions given at the conclusion of the case. In two instances the court stated that if a juror has a reasonable doubt about the defendant's guilt or innocence, he "should" acquit. The appellant's position is that these statements are inconsistent with the court's mandatory language used elsewhere in the instructions with respect to reasonable doubt.
 
 
 3
 Upon consideration we are of the opinion that the comment made to the jury at the time of its impanelment, if error at an, did not constitute plain error excusing the failure of counsel to object to it, nor is there any showing that it adversely affected the substantial rights of appellant. See Fed. R. Crim. P. 52(b).
 
 
 4
 With respect to the jury instructions concerning reasonable doubt, the instructions as a whole leave no question that the jury was obligated to employ the appropriate presumption of innocence and was to acquit the defendant unless satisfied of guilt beyond a reasonable doubt. The challenged instruction, which was in fact requested on behalf of defendant, appears to have been an effort by the court to accommodate the language of United States v. Leon, 534 F.2d 667 (6th Cir. 1976), but to the extent it may have led the jury to believe that it was bound to exclude every hypothesis consistent with innocence before it could find defendant guilty beyond a reasonable doubt, the instruction was overly generous to the defendant. See United States v. Scott, 578 F.2d 1186, 1191-92 (6th Cir.), cert. denied, 439 U.S. 870 (1978); see also United States v. Stone, 748 F.2d 361 (6th Cir. 1984).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.