**James HARRIS, Plaintiff,**

v.

**Ronald C. MARSHALL, Defendant.**

**No. C–1–83–1882.**

United States District Court,
S.D. Ohio, W.D.

May 20, 1987.

James Harris, Lima, Ohio, pro se.

Solomon J. Kravitz, Asst. Atty. Gen., Columbus, Ohio, for defendant.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 16). Upon a thorough review of petitioner's claims, the Magistrate concluded that the Petition for Writ of Habeas Corpus should be dismissed. While neither party has filed objections to the Magistrate's Report and Recommendation, this Court has carefully examined the factual findings and legal reasoning of the Magistrate together with the entire record to determine whether petitioner's convictions, which resulted in a life sentence, are supported by sufficient evidence.

The basis of petitioner's arguments in support of his petition are found in the Petition for Writ of Habeas Corpus, Petitioner's Traverse to the Return of Writ, and the transcript of the state court proceedings (doc. nos. 2, 6 and 15, respectively). The case was tried to a jury and petitioner was found guilty as charged. Petitioner took a direct appeal to the Ohio Court of Appeals for the Eighth Judicial District, which overruled each of the Assignments of Error and affirmed the judgment of conviction. Petitioner raised the same Assignments of Error to the Ohio Supreme Court which denied his Motion for Delayed Appeal. Petitioner's two Petitions for Post-Conviction Relief were dismissed as was his Petition for Post-Conviction Relief filed in this Court in 1975. Petitioner then instituted this action raising the same grounds for relief.

■ The federal district court has the responsibility in proceedings such as this to review the record and to determine whether an evidentiary hearing is necessary under the criteria taught by *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963):

> [A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.* 372 U.S. at 313, 83 S.Ct. at 757. The Court finds that petitioner has alleged none of the foregoing circumstances and that no such circumstances appear from the record, therefore, an evidentiary hearing is not required.

■ A Petition for Writ of Habeas Corpus may be dismissed pursuant to Rule 9(b) of the Rules Governing Habeas Cases for failure to allege new or different grounds for relief if (1) the same ground presented in the subsequent application was determined adversely to the petitioner in the prior petition, (2) the prior determination was on the merits of the ground raised in the subsequent petition, and (3) the ends of justice would not be served by reaching the merits of the ground raised in the subsequent petition. *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

Three of petitioner's six grounds for relief are barred by 28 U.S.C. § 2244(a) which governs the disposition of successive petitions. Specifically, petitioner asserts that the trial court erred (1) in failing to instruct the jury on the question of motive, (2) in failing to instruct the jury that uncorroborated testimony of an accomplice should be scrutinized closely and (3) in admitting evidence which was highly prejudicial to petitioner, and which was neither probative nor relevant to any issue in the case.

The aforementioned grounds for relief were decided adversely to petitioner on the merits in the prior habeas action, and petitioner has failed to demonstrate that the ends of justice would be served by a redetermination of these claims. While petitioner alleges that both Ohio and federal

law have drastically changed since he filed his last petition, federal law continues to preclude the review of errors of state law in federal habeas corpus proceedings. Accordingly, review based on these grounds for relief is hereby DENIED.

Petitioner's remaining three grounds for relief, however, are reviewable in light of the change in federal law pursuant to the decision of the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), subsequent to the determination of petitioner's first Petition for Writ of Habeas Corpus. These grounds for relief are that the evidence does not support the guilty verdicts for (1) armed robbery, (2) murder in the first degree and perpetration of a robbery, (3) kidnapping, (4) abduction resulting in death, and (5) murder in the first degree.

■■■■ The Due Process Clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *In Re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. The test to determine if a conviction is supported by substantial evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789. Under *Jackson*, circumstantial evidence may be sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986), *citing United States v. Stone*, 748 F.2d 361 (6th Cir.1984).

The reviewing court must view the evidence and the inferences to be drawn therefrom in the light most favorable to the prosecution. *Stacy v. Love*, 679 F.2d 1209 (6th Cir.), *cert. denied*, 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982), *citing Fuller v. Anderson*, 662 F.2d 420 (6th Cir. 1981), *cert. denied*, 455 U.S. 1028, 102 S.Ct.

1734, 72 L.Ed.2d 150 (1982). Any conflicting inference arising from the record must be resolved in favor of the prosecution. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied, Walker v. Marshall*, 464 U.S. 962, 104 S.Ct. 396, 78 L.Ed.2d 338 (1983). It is beyond the province of the habeas court to weigh the credibility of witnesses as credibility conflicts must be resolved in favor of the prosecution. *Id.* The jury's resolution of questions of credibility and demeanor are entitled to special deference. *Patton v. Yount*, 467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984).

Upon a careful review of the transcript of proceedings in the state case, *State v. Harris*, Case No. CR–4384 (CCP Cuyahoga Cty.1973), the Court concludes that the evidence presented at trial is sufficient to support a conviction on each of the charges against petitioner. Liddle's testimony illustrates the sequence of crimes committed and Rembert's testimony permits a finding that petitioner's involvement in the commitment of those crimes supports the convictions on all charges against petitioner. Evidence in addition to this testimony also supports such a finding: the victim was much larger than Liddle and weighed approximately 180—190 lbs. and was at least six feet tall, whereas Liddle was approximately 5'6" tall and weighed 142 lbs.; the victim was a former military policeman who knew karate and who was in excellent physical condition; after removing the victim from the trunk, Liddle had to feel his way down to the dark basement of an abandoned apartment building with the victim and carrying a bottle of wine, adhesive tape, and a lighter with him.

A rational juror could infer, in view of the victim's physical capacity, that Liddle would have been unable to take the victim into the basement alone, without holding him at gunpoint, while groping his way down the dark basement steps and carrying the wine and other objects which he testified he took into the basement with him. Consequently, a rational juror could infer that Liddle required assistance in taking the victim into the basement and the evidence and testimony permit a rational

trier of fact to conclude beyond a reasonable doubt that it was petitioner who aided Liddle in removing the victim from the trunk, taking him into the abandoned basement and securing him to the chair. Further, the evidence of petitioner's fingerprints on the automobile trunk viewed with the remaining evidence of record, supports the finding that petitioner was involved in removing the victim from the trunk for the purpose of forceably carrying him to his death.

In addition to denying the elements of the crimes with which petitioner has been convicted, petitioner has testified and petitioner's mother has testified as to his whereabouts at the time in question. Under his theory of the case, petitioner maintains that this evidence infers that Rembert could not be believed. The testimony of petitioner's mother, however, is subject to challenge by a rational juror based on her admittance that she left the house and the premises for some time during which the crimes may have been committed. The opportunity remained for a reasonable juror to find beyond a reasonable doubt that Rembert's testimony as to the operative facts was true and that the defendant was guilty beyond a reasonable doubt of each of the crimes as charged. This Court cannot say, as a matter of law, that Rembert was lying and finds that the testimony of all witnesses was properly presented to the jury for resolution as an issue of fact.

After a thorough review of the entire file, the Court finds that the petitioner was afforded a fundamentally fair trial and that he is not entitled to habeas relief. The Court agrees with the factual findings presented by the Magistrate and finds that the dismissal of petitioner's Writ of Habeas Corpus does not violate his constitutional rights. Accordingly, the Petition for Writ of Habeas Corpus (doc. no. 2) is hereby DISMISSED.

IT IS SO ORDERED.