995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Zachary Crusader ROBINSON, Defendant-Appellant.
 No. 92-5916.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Zachary Crusader Robinson, has appealed his jury conviction for possession of a firearm and ammunition by a convicted felon and possession of a firearm by an armed career felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). Robinson was charged in a two-count indictment on July 31, 1991. A superseding indictment was issued on August 26, 1991, which added a charge of unlawful possession of ammunition in addition to the two previous firearms charges. Ultimately, the district court dismissed one of the counts of possession of a firearm on the government's motion. On December 2, 1991, the district court denied Robinson's motion for suppression of evidence obtained pursuant to a warrantless search of the defendant and defendant's vehicle. Several continuances were then granted upon defendant's motion, then on February 7, 1992, Robinson's counsel moved to withdraw after determining that he was a potential witness for the defendant. The district court granted counsel's motion to withdraw and the trial was reset for April 9, 1992. At trial Robinson was convicted of both the firearms and ammunition charges and sentenced to a term of 262 months incarceration, five years supervised release and a mandatory special assessment of $100. A timely notice of appeal followed.
 
 
 2
 Robinson's arrest and subsequent conviction stem from a traffic stop made on the early morning of February 8, 1991. Officer Craig McNew and his partner, Officer Toni Mullet, of the Knoxville Police Department were on patrol when they observed a white Chevrolet commit a traffic violation. After stopping the vehicle, Office McNew approached the driver's side and requested to see defendant's license. Robinson did not have a license and falsely identified himself as James Carter. McNew testified that Robinson had alcohol on his breath, bloodshot eyes and slurred speech. Determining that Robinson was intoxicated, McNew proceeded to place him under arrest and instructed him to exit the vehicle. Robinson was taken to the squad car where the officer performed a patdown search for weapons. No weapons were found on his person and he was placed in the rear of the police cruiser.
 
 
 3
 Officer McNew then returned to the defendant's vehicle where his partner was waiting with the other three occupants: Henry Rice, defendant's brother; Angela Jackson, defendant's girlfriend; and Pam Mayfield. Rice was seated in the front passenger seat and the two women were in the back seat of the vehicle. Rice was detained briefly, but after a frisk produced nothing of criminal consequence he was released. He thereupon entered a residence across the street from the scene of the activity. In the meantime, while searching the interior of the vehicle, Officer McNew observed what appeared to be a gun butt under the left front edge of the passenger bucket seat. The butt end of the gun was facing the driver's side of the vehicle. McNew retrieved the .38 caliber revolver from under the front seat, unloaded it, and placed it in the cruiser. He placed the bullets in his pocket.
 
 
 4
 Additional officers then arrived on the scene and Rice was summoned from the residence he had recently entered. Officer McNew conducted another search of Rice and found nothing. Another officer also searched Rice before ordering him into the cruiser with defendant. Because a firearm had been discovered, Robinson was removed from the cruiser and searched again. This time, three .38 caliber rounds of ammunition were found in his coat pocket. In addition, the officers searched the rear seat area of the cruiser and found two additional .38 rounds. At trial, Officer McNew testified that the same rear area of the cruiser had been searched earlier in the evening before defendant's occupancy in accordance with standard police practice. He testified further that the bullets recovered during the second search had not been there before the defendant had been confined in the cruiser.
 
 
 5
 At trial, Angela Jackson testified that she had known Robinson for eight years and had been his girlfriend. She further stated that on the night of the arrest when the vehicle was being followed by the police, defendant had tried to give his revolver to the other occupants of the vehicle. Jackson identified the gun as belonging to Robinson, adding that she recognized it because it was chipped on one side.
 
 
 6
 Defendant presented several defense witnesses on his behalf who testified that the revolver and ammunition belonged to Rice. Specifically, Rice's brother testified that the gun did indeed belong to Rice and that he had never seen defendant with the firearm. Also, the resident of the premises that Rice had entered on the night of the arrest testified that Rice came into the house and requested permission to conceal a number of bullets. Finally, defendant's former attorney testified that after he had been appointed, Angela Jackson had approached him and told him that the weapon belonged to Rice, and that defendant had been surprised to see the firearm when Rice tried to conceal it on the night of the incident that resulted in the defendant's prosecution.
 
 
 7
 After deliberating for less than two hours, the jury returned a guilty verdict. Sentencing was held on July 7, 1992, at which time defendant received a term of 262 months and a five-year term of supervised release.
 
 
 8
 Defendant's only assignment of error on appeal charged that the evidence presented by the prosecution was insufficient as a matter of law to support his convictions for firearms and ammunition possessed by a convicted felon. At trial, counsel for the defendant moved for acquittal under Rule 29 at both the close of the government's case and the close of all of the evidence. Both motions were denied by the trial court.
 
 
 9
 Existing precedent dictates that in reviewing a denial of a motion for acquittal, this court does not " 'weigh the evidence or ... determine the credibility of the witnesses.' " United States v. DeClue, 899 F.2d 1465, 1471 (6th Cir.1990) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). Rather, this court must determine whether, viewed in a light most favorable to the government, there is sufficient evidence for any rational trier of fact to have found the essential elements of a crime beyond a reasonable doubt. United States v. Nabors, 901 F.2d 1351, 1357 (6th Cir.1990). This court " 'will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and ... this rule applies whether the evidence is direct or wholly circumstantial.' " United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)) (ellipsis in original).
 
 
 10
 The three elements necessary to prove defendant's guilt under § 922(g)(1) are first, that defendant had a prior felony conviction; second, that defendant possessed a firearm or ammunition; and, third, that the firearm had traveled in or affected interstate commerce. In addition, the government needed to prove that the defendant had been convicted of three previous felonies for the enhancement of § 924(e)(1) to apply. Defendant has conceded the connection with interstate commerce and the existence of sufficient felonies to support enhancement; thus, the only remaining issue on appeal is whether Robinson possessed the firearm or ammunition necessary to be convicted under the statute.
 
 
 11
 Possession may be either actual or constructive. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 86 (1973). "Actual possession exists when a tangible object is in the immediate possession or control of the party." Id. There was sufficient evidence for the jury to find that Robinson actually possessed the weapon and the ammunition. At trial, Angela Jackson testified that the firearm belonged to Robinson and that he had asked the others in the vehicle to place it under their seats just prior to the incident which resulted in this conviction. Also, Officer McNew testified that he found ammunition in defendant's coat pocket and under the seat of the police cruiser into which Robinson had been ordered after having been placed in custody. McNew's testimony was corroborated by another law enforcement officer. Alternatively, the jury could have concluded that Robinson constructively possessed the firearm and ammunition. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." Id. The firearm was recovered from the vehicle defendant was driving and when discovered the butt of the gun was more readily accessible to the driver of the vehicle than the passenger in the front side. Additionally, there were bullets found under Robinson's seat in the police cruiser.
 
 
 12
 Applying the proper standard, it cannot be said that no rational trier of fact could have found defendant guilty based on the evidence presented. The fact that Robinson presented a cogent defense claiming that the weapons and the ammunition belonged to Rice and not to him does nothing to alter the standard of review. While Robinson's asserted defense might be convincing to some rational triers of fact, it was not convincing to the jury in this case. In reviewing the denial of a motion to dismiss for insufficiency of the evidence, this court cannot weigh the evidence developed during trial, but must determine only if there is enough evidence on which a jury could have found the defendant guilty. Because there was sufficient evidence to show that Robinson possessed the ammunition and the firearm, his only assignment of error is found to be without merit.
 
 
 13
 For the reasons stated, the judgment of the district court is AFFIRMED.