39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy HOWARD, Defendant-Appellant.
 No. 93-1669.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1994.
 
 Before: MARTIN, GUY, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jimmy Howard appeals his conviction for conspiracy to possess and distribute heroin and cocaine, possession with intent to distribute heroin, and using a firearm during and in relation to a drug trafficking offense. We affirm the conviction.
 
 
 2
 Howard was convicted as part of a drug distribution "family" led by Karl Wingo and Brett Lang. Over a four year period, this group distributed several kilograms of cocaine, heroin, and "crack" cocaine. Jimmy Howard was a lower-level distributor of heroin who drove Karl Wingo to drug and money exchanges. When he was arrested at an apartment connected to Wingo's drug distribution network by intercepted telephone conversations, Howard was in possession of four handguns, heroin, "crack," and other drug paraphernalia.
 
 
 3
 Initially, sixteen people were indicted and charged with various offenses arising from a conspiracy to possess and distribute drugs. Of those sixteen, four pled guilty, one died before he could be arrested, and eleven chose to go to trial. All eleven were convicted; nine have appealed their convictions. Eight were tried together under a superseding indictment containing sixty-two counts. Each was convicted by a jury after a seven-week trial. Jimmy Howard and Carl Mays were tried separately under a second superseding indictment, and both were convicted. Howard filed this timely appeal. Although Howard's appeal was erroneously consolidated in this Court with those of the eight Appellants from the first trial for oral argument, we will address the issues raised by his appeal separately.
 
 
 4
 Howard claims there was insufficient evidence to convict him of conspiracy. Howard claims he purchased drugs for his own use: that he "was an end-line consumer, not a member of the conspiracy." The standard of review on questions of sufficiency of the evidence is narrow. In criminal cases such as this one, we look only to whether, after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Indeed, even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 
 5
 This Court finds there was sufficient evidence to sustain Howard's conviction. We note that evidence was presented of several instances where Howard assisted in the conspiracy. He regularly bought heroin from Karl Wingo. He complained that the price was too high to make money selling it "down at work," a Chrysler plant. He drove Karl Wingo to pick up drug money and to purchase and deliver cocaine. In telephone conversations intercepted pursuant to a court-authorized wiretap, he discussed how the low quality of heroin was "hurting business." Finally, the government estimated that the amount of heroin he distributed during the four years of the conspiracy was worth roughly $190,000.
 
 
 6
 Howard next argues that the evidence established smaller conspiracies to which he was a part, rather than a single large conspiracy. Whether single or multiple conspiracies have been shown is a question of fact to be resolved by the jury, and it is not necessary for each conspirator to participate in every phase of the conspiracy. United States v. Hughes, 895 F.2d 1135, 1140 (6th Cir.1990). The government need not prove that each defendant knew the full scope of the conspiracy, or even the purpose of other members of the conspiracy. United States v. Sermetaro, 625 F.2d 104 (6th Cir.1980). Based on a review of the evidence, we cannot say that the jury's decision finding Howard was a part of one conspiracy rather than many is clear error.
 
 
 7
 Finally, Howard challenges the admission of testimony from DEA Agent Steven Mitchell concerning the meaning of certain code words used in the intercepted telephone conversations. The admission of Agent Mitchell's expert testimony is reviewed for abuse of discretion, and is to be sustained unless manifestly erroneous. United States v. Pearce, 912 F.2d 159, 163 (6th Cir.1990), cert. denied, 498 U.S. 1093 (1991). This Court has allowed the use of expert testimony to aid the jury in understanding the operations of drug dealers. Id. Other circuits have allowed expert testimony specifically concerning the meaning of words or phrases used by drug dealers. United States v. Hughes, 970 F.2d 227, 235-36 (7th Cir.1992); United States v. Ladd, 885 F.2d 954, 959-60 (1st Cir.1989); United States v. Kusek, 844 F.2d 942, 949 (2d Cir.1988). In a bribery case, this Court held an agent's similar interpretation of the meaning of a defendant's statements to be proper. United States v. Graham, 856 F.2d 756 (6th Cir.1988), cert. denied, 489 U.S. 1022 (1989). Agent Mitchell was cross examined extensively as to his opinion; the court admonished the jury that it could accept or reject any expert opinion as it saw fit; and finally, the court told the jury that they had the ultimate decision as to the meaning of defendants' words and phrases. We find that the admission of Agent Mitchell's testimony was not an abuse of discretion.
 
 
 8
 The conviction of Appellant Jimmy Howard is therefore AFFIRMED.