57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Anthony KING (a.k.a. Muchaka A'Mal Zukinta), Defendant-Appellant.
 No. 94-5994.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1995.
 
 Before: MARTIN and SILER, Circuit Judges; and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Muchaka A'Mal Zukinta appeals his conviction for possessing counterfeiting materials. Although oral argument was requested, the panel reviewed the briefs and the record pursuant to Rule 9(a), Rules of the Sixth Circuit, and unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a)
 
 
 2
 In early 1992, Zukinta was serving a prison sentence at Tennessee facility. During a routine cell search, correctional officers discovered two photographic negatives of $20.00 Federal Reserve Notes in the back of a painting in Zukinta's cell. At the ensuing disciplinary hearing, Zukinta's "advocate" produced two more negatives that he claimed officers did not find during their previous search of Zukinta's cell.
 
 
 3
 On April 15, Zukinta informed two Secret Service agents that he made the negatives and the aluminum plates, printed counterfeit money, and mailed it in the backs of paintings. He also directed the agents to twenty additional $20.00 negatives hidden in a picture frame. At the end of the interview, he signed a sworn statement. A subsequent investigation revealed the falsity of much of Zukinta's story. When agents confronted him, Zukinta gave them a statement retracting his prior account. He admitted that he made the negatives and hid them in paintings and conceded that although he planned to print money, he never received the requisite supplies. He again signed a sworn statement.
 
 
 4
 Zukinta was charged with violating 18 U.S.C. Sec. 474. At his April 6, 1994, trial, he stated that he neither manufactured counterfeit money nor intended to do so, claiming that the negatives were lithographic art. After the court denied Zukinta's motion for judgment of acquittal, the jury found him guilty. He was sentenced to a five-year, three-month prison term, to be followed by a three-year period of supervised release. This timely appeal followed.
 
 
 5
 In addressing sufficiency of the evidence questions, this Court has long declined to weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989). Instead, we look only to whether, after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Bedlow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 309 (1979)). Even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 18 U.S.C. Sec. 474 provides:
 
 6
 Whoever has in his control, custody, or possession any plate, stone, or other thing in any manner made after or in the simultude of any plate, stone, or other thing, from which any such obligation or other security has been printed, with intent to use such plate, stone, or other thing, or to suffer the same to be used in forging or counterfeiting any such obligation or other security, ... [i]s guilty of a class C felony.
 
 
 7
 Upon review, we conclude that there was sufficient evidence presented from which a jury could reasonably infer each element of the crime of conviction. First, the evidence indicated that Zukinta possessed the negatives. In addition, testimony revealed that the negatives were the type used to transfer images to a printing plate. Moreover, the packaging and layout of the negatives suggested that they had been prepared for transfer. Certain notations on the negatives, such as "too dark print" and "light print," were also consistent with a counterfeiter's review of them. Finally, Zukinta's apparent inability to complete the printing exercise does not negate his intent.
 
 
 8
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation