*399 GEORGE C. STEEH, District Judge,
dissenting.
I respectfully dissent. Because I believe ample evidence was presented to infer Morrison’s knowing participation in the drag conspiracy in this case, I would affirm the jury’s guilty verdicts.
A criminal conspiracy conviction may be supported solely by circumstantial evidence. United States v. Crayton, 357 F.3d 560, 573 (6th Cir.) (quoting United States v. Sullivan, 903 F.2d 1093, 1098 (7th Cir.1990)), cert. denied, 542 U.S. 910, 124 S.Ct. 2857, 159 L.Ed.2d 279 (2004). Once the existence of a criminal conspiracy is proven, “evidence connecting a particular defendant to the conspiracy ‘need only be slight.’” United States v. Harris, 397 F.3d 404, 414 (6th Cir.2005) (quoting United States v. Gibbs, 182 F.3d 408, 421 (6th Cir.1999)).
The evidence presented to the jury here included: (1) the undisputed existence of a December 14, 2003 conspiracy between Saunders and DeLoach to transport 1.5 kilograms of cocaine with a street value of $150,000.00 from Los Angeles to Cleveland for a price of approximately $1000.00; (2) the drug transporters, Saunders and Gutierrez, remained in phone contact with DeLoach during the trip, and were eventually directed by DeLoach to contact Morrison and were sent to a Cleveland hotel; (3) Morrison met Saunders and Gutierrez at the hotel on December 16, 2003 at De-Loach’s direction; (4) Morrison commented to Saunders that Saunders “just stole my run,” that he could have used the money, and that he could have made the delivery in less time than it had taken Saunders; (5) while at the hotel, Morrison offered to Gutierrez to retrieve his payment from DeLoach, and to return to the hotel with the money; (6) with Saunders driving the rental car from the hotel and Morrison driving his own vehicle, Morrison cautioned Saunders to keep his speed up and not “hit your lights” to avoid a police traffic stop; (7) Morrison took control of the California rental car and parked it in his own garage, positioning the gas tank of the car (which had contained the cocaine) to the rear of the garage, then locked the garage door; (8) Morrison then drove Saunders to DeLoach’s house using his own vehicle, while commenting to Saunders that police in Cleveland Heights are a problem but the two of them are now “clean” and don’t need to worry; (9) Morrison watched as Saunders handed the rental car keys to DeLoach in exchange for $960.00, with DeLoach telling Saunders “You done good, you didn’t get stopped”; (10) DeLoach paid Morrison $40.00; (11) DeLoach, anticipating that the cocaine must be removed from the rental car’s gas tank, told Morrison that he didn’t need to go to work the next day because Morrison was going to be DeLoach’s “main mechanic”; and (12) Morrison falsely gave arresting officers his mother’s address as his own instead of his true address, where he had parked the rental car. This circumstantial evidence was not required to “remove every reasonable hypothesis except that of guilt.” United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
Given the significant value of the drugs being delivered, a fair common sense inference arises that Morrison would not have been given the important role of directing and securing delivery of the drugs to De-Loach without Morrison having knowledge of the nature of the contraband. Also given Morrison’s detailed knowledge of the elaborate plans surrounding the delivery, common sense allows the fact-finder to infer Morrison’s knowledge that the goods were illegal drugs. Viewing the evidence presented to the jury “in the light most *400 favorable to the prosecution, any rational trier of fact” could have convicted Morrison on the drug conspiracy and aiding and abetting charges by finding beyond a reasonable doubt that: (1) Morrison was aware of the object of Saunders’ and De-Loach’s drug conspiracy and voluntarily associated himself with its purpose, United States v. Hams, 397 F.3d 404, 414 (6th Cir.2005) (quoting United States v. Gibbs, 182 F.3d 408, 421 (6th Cir.1999)); and (2) Morrison participated in the venture and sought to make it succeed, United States v. Ward, 190 F.3d 483, 487 (6th Cir.1999). See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).