**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0742n.06
Filed: December 4, 2008

No. 06-6065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE. |
| LAJUAN HARDY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: MOORE, GRIFFIN, and BRIGHT,**[*] **Circuit Judges.**

**PER CURIAM**. A jury found appellant Lajuan Hardy guilty of six counts of robbery, in

violation of the Hobbs Act, 18 U.S.C. § 1951 (2000). Hardy challenges both his conviction

and his sentence, arguing that (1) the evidence was insufficient to show that his conduct had

a de minimis effect on interstate commerce and (2) the district court[1] clearly erred by refusing

to give him a two-level offense-level reduction for acceptance of responsibility when it

determined his sentence. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742,

we affirm.

---

[*]The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting
by designation.
[1]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of
Tennessee.

BACKGROUND

In early January 2004, Hardy robbed six convenience stores in Chattanooga, Tennessee. After committing the first two robberies on January 4, Hardy called the Drug Enforcement Administration on January 8 and scheduled a meeting to confess his crimes. During the ensuing 24 hours, Hardy robbed four more convenience stores. On January 9, Hardy met with law enforcement officials and confessed his crimes.

In June 2005, a federal grand jury returned an indictment charging Hardy with six counts of robbery, in violation of 18 U.S.C. § 1951 (2000). Hardy pleaded not guilty to the charges and trial commenced in March 2006. At trial, Hardy conceded that he had committed theft, but argued that he had not committed robbery because he did not (1) interfere with interstate commerce or (2) use or threaten force in the commission of the crimes. After the jury returned guilty verdicts on all six counts, the district court sentenced Hardy to 240 months' imprisonment and three years of supervised release and ordered him to pay restitution. This appeal follows.

DISCUSSION

I.      The evidence was sufficient to support the verdict.[2]

---

[2]In his appellate brief, Hardy also argued that his convictions should be reversed because the district court improperly required that the government prove only that his conduct had a de minimis effect on interstate commerce, rather than a more rigorous "substantial effect" on interstate commerce. At oral argument, Hardy conceded that this court has repeatedly rejected this argument and withdrew that argument. We do not, therefore, consider that issue in this opinion.

"We review a challenge to the sufficiency of the evidence by considering the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999). This court reverses a judgment for insufficiency of the evidence "only if [the] judgment is not supported by substantial and competent evidence upon the record as a whole." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a) (2000). To prevail under the Hobbs Act, therefore, "the Government must prove two elements: (1) interference with interstate commerce (2) in the course of a substantive criminal act," such as robbery.[3] *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005).

Hardy challenges only one aspect of the sufficiency of the evidence, arguing that the "testimony regarding a[n] interstate nexus is best characterized by its vagueness and lack of

---

[3]The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1) (2000).

substance." Hardy asserts that "[n]one of the evidence offered by the Government dealt in any way with the impact of the thefts at the individual stores on [their] ability to participate in interstate commerce."

As an initial matter, we consider Hardy's challenge of this issue only as it relates to Counts One, Three, and Six. Fed. R. Crim. P. 29 requires a defendant to move for a judgment of acquittal to preserve appellate review of a sufficiency-of-the-evidence issue. *See also United States v. Chance*, 306 F.3d 356, 368-69 (6th Cir. 2002). Because Hardy moved for a judgment of acquittal specifically citing Counts One, Three, and Six, we review only those counts for sufficiency of the evidence.[4] *See id*.

Turning to those three counts, we conclude that Hardy's argument lacks substantial merit. We observe that the government introduced testimony from employees of each of the stores relating to Counts One, Three, and Six. Each of those employees testified that the particular store purchased and resold items that were shipped or manufactured in other states. This evidence is sufficient for a rational fact finder to determine that Hardy's robbery had at least a de minimis effect on interstate commerce. Such effect establishes a sufficient nexus to interstate commerce. *See, e.g.*, *United States v. Davis*, 473 F.3d 680, 683-84 (6th Cir. 2007); *United States v. Turner*, 272 F.3d 380, 385 n.2 (6th Cir. 2001).

---

[4]We recognize that we may also review the sufficiency of the evidence in the absence of a rule 29 motion to prevent a "manifest miscarriage of justice." *United States v. Davis*, 430 F.3d 345, 359 (6th Cir. 2005). But Hardy makes no such claim here.

II.    The district court did not clearly err at sentencing.

Hardy also challenges his sentence, arguing that the district court clearly erred by denying him an acceptance-of-responsibility adjustment. "We review the determination of whether a defendant has accepted responsibility for clear error." *United States v. Paulette*, 457 F.3d 601, 608 (6th Cir. 2006).

Sentencing Guidelines § 3E1.1 provides that the offense level shall be decreased by two levels if a "defendant clearly demonstrates acceptance of responsibility for his offense." Section 3E1.1's application note 2 provides that the acceptance-of-responsibility adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. n.2. But conviction by trial, "does not automatically preclude a defendant" from such an adjustment, and in "rare" situations, such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," the adjustment may be appropriate. *Id.* The defendant bears the burden of showing that he has accepted responsibility. *Paulette*, 457 F.3d at 608.

At sentencing, Hardy objected to the presentence-investigation report, arguing that it should have included an acceptance-of-responsibility adjustment. Hardy argued that he had accepted responsibility because he "confessed to these crimes pretrial"; entered into a

stipulation with the government that "these offenses were committed"; and had not testified.

The district court overruled Hardy's objection, stating that

> [U.S.S.G. § 3E1.1 cmt.] note 2 states this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt.
>
> In this case, however, which was tried by this court in Chattanooga, the defendant did exactly that. He denied that he interfered with commerce and/or used physical force to some extent and he put the government to its burden of proof on that or those issues.

Because the record shows that Hardy disputed an element of the offenses, namely whether he used or threatened force, the district court's decision to deny Hardy's request for an acceptance-of-responsibility adjustment is not clearly erroneous. Although Hardy took some steps that indicate that he accepted responsibility (such as contacting the police and stipulating to committing theft), he nonetheless disputed a factual element of the charges. Thus, the sentencing judge did not clearly err.

## CONCLUSION

Accordingly, we affirm Hardy's convictions and sentence.