NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0721n.06

No. 07-3722

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
Nov 05, 2009
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TREVOR CAMPBELL,

    Defendant - Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Trevor Campbell appeals the district court's failure to grant a Rule 29 motion for acquittal on Count 3 of the indictment. However, viewed in the light most favorable to the government, the evidence presented at trial is sufficient to support Campbell's conviction on Count 3. Campbell also appeals his sentence, arguing that it is unreasonable and that the district court erred in failing to consider pertinent Section 3553(a) factors. For the following reasons, we **AFFIRM** the judgment of the district court.

**I.**

On June 14, 2006, the grand jury returned a 49-count indictment against Campbell and his co-defendants for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school. Campbell was charged with Count 1, conspiracy to possess with intent to distribute and to distribute more than 50 grams of crack in violation of 21 U.S.C. § 846; and Count 3,

distribution of approximately 7.97 grams of crack in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

At trial, Campbell was found guilty of Count 3. The U.S. Probation Office then prepared a presentence report and calculated Campbell's criminal history category at IV and his base offense level at 28. Although his advisory guideline sentencing range was 110-137 months, Campbell faced a mandatory minimum of 120 months, so the range became 120-137 months. U.S.S.G § 5G1.1(b) (2007) (stating that when the otherwise applicable range is impacted by such a restraint, the applicable "range" is now restricted so that the minimum of the range is the statutory minimum). At the May 23, 2007 sentencing, Campbell did not object to the calculations in the presentence report. His counsel spoke to the court of Campbell's background and requested that Campbell be sentenced to the mandatory minimum of 120 months. At sentencing, the government noted that this was Campbell's sixth conviction and that he had been arrested for dealing drugs with a 15-year-old juvenile.

The court sentenced him to a term of 126 months followed by eight years supervised release. In doing so, the court stated:

> I have consulted the advisory Sentencing Guideline range. The sentence is not at the lowest end because of what the Court considers to be an extensive criminal history. Although, sir, you only have nine–I shouldn't say only, because even nine criminal history points is significant. You have nine juvenile adjudications and seven adult convictions. The court could not justify the minimum with that criminal history.

Campbell timely appealed.

## II.

### A.      Rule 29 Motion

We review *de novo* a district court's refusal to grant a motion for judgment of acquittal. *United States v. Lee*, 359 F.3d 412, 418-19 (6th Cir. 2004) (citations omitted). We must determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Substantial and competent" circumstantial evidence alone may support a verdict and need not "remove every reasonable hypothesis except that of guilt." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

Viewing the evidence in the light most favorable to the government, the evidence at trial was sufficient to support Campbell's conviction on Count 3. The elements of that offense are (1) knowledge, (2) possession of a controlled substance, and (3) intent to distribute. *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006). Dennis Parks, a government informant, testified that on August 17, 2005 he saw Campbell give crack cocaine to an individual and that this individual then sold that cocaine to Parks and gave Park's payment for the cocaine to Campbell. Parks identified Campbell in the courtroom as the person from whom the intermediary seller had obtained the cocaine. Laura Marie Risdon, the crime lab director of the Ohio Bureau of Criminal Identification and Investigation, testified that the substance that Parks had bought was cocaine base and weighed 7.97 grams.

Campbell argues that the evidence supporting his conviction is insufficient because Parks' felony convictions, previous drug use, and paid informant status render his testimony unreliable. This argument fails, however, because the jury apparently believed his testimony and this court does not reevaluate the credibility of witnesses on appeal. *United States v. Deitz*, 577 F.3d 672, 677 (6th

Cir. 2009) (in determining evidentiary sufficiency, an appellate court "may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury").

Accordingly, in the light most favorable to the government, the evidence presented at trial was sufficient to support Campbell's conviction on Count 3.

**B.**      **Unreasonable Sentence Under Section 3553(a)**

Campbell further claims that the district court issued an unreasonable sentence and failed to consider pertinent Section 3553(a) factors. However, on June 16, 2009, the district court reduced Campbell's sentence pursuant to 18 U.S.C. § 3582(c)(2) from 126 months to the statutory mandatory minimum of 120 months. Thus, his claim that the district court failed to consider section 3553(a) factors is now moot because, as his conviction stands, he cannot receive a lower sentence.[1]

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[1] He makes no argument that he would qualify for "safety valve" relief pursuant to 18 U.S.C. § 3553(f), nor does it appear that he would so qualify.