9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Lee BREWER, Defendant-Appellant.
 No. 92-3871.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 Walter Lee Brewer appeals his jury conviction for unlawful distribution of cocaine base and for employing a person under eighteen years of age to make a drug distribution. Brewer contends that the evidence presented at trial was insufficient to support his conviction and that the district court improperly admitted both evidence found in a vehicle driven by Brewer and testimony regarding Brewer's response to a police booking question. For the following reasons, we affirm the district court.
 
 
 2
 Over a two-week period in 1991, Walter Lee Brewer was involved in three separate sales of crack cocaine to undercover officers working with the Combined Agency Narcotics Enforcement Unit in Dayton, Ohio. Initially, Detective Huddleston of the C.A.N.E. Unit arranged on June 3 to purchase crack cocaine from a supplier known as "Bucky," and accompanied a confidential informant to the Lakebend Apartments in Dayton. At the appointed time, a blue Chevrolet Blazer drove up and parked next to an apartment building. With Huddleston observing from a concealed lookout post, the informant approached the Blazer and purchased crack cocaine from the driver.
 
 
 3
 Immediately upon completion of the transaction, the Blazer left the Lakebend Apartments, followed at a distance by officers from the C.A.N.E. unit. Several miles down the road, Deputy Brown of the Montgomery County Sheriff's Department stopped the truck and briefly questioned the driver to ascertain his identity. The driver, who identified himself as Stacy O. Brewer, was unable to produce any form of identification or to provide the officer with his social security number. After issuing a warning regarding the Blazer's impermissibly tinted rear and side windows, Brown allowed the truck to proceed.
 
 
 4
 Several days later, Huddleston again arranged to purchase crack cocaine from "Bucky" and agreed to meet "Bucky" at Schear's Market at the corner of Stanley and Troy streets in Dayton on June 7. Upon arriving at Schear's Market at the designated time, Huddleston paged "Bucky," and, according to a prearranged plan, signaled his arrival by entering his cellular telephone number followed by "222" as the digital pager message. A short time later, the blue Chevrolet Blazer arrived. The truck's passenger walked across the parking lot, seated himself in Huddleston's vehicle, bargained with the officer about the price after a discrepancy regarding the weight of the drugs arose, and consummated the sale.
 
 
 5
 The final transaction took place on June 12. Following the routine established on June 7, Huddleston again arrived at Schear's Market, paged "Bucky," and left an identical numerical message. Shortly thereafter, the blue Chevrolet Blazer drove into the parking lot. A different individual, later identified as juvenile Michael Dickerson, approached Huddleston's vehicle, seated himself in the passenger seat, and consummated the sale, receiving $4,800 cash. Following a brief stop to converse with the driver of the Blazer, Dickerson left the scene in a Mercury automobile. The Blazer departed separately.
 
 
 6
 Deputy Brown stopped the Blazer a short distance away from Schear's Market and arrested the driver, Walter Lee Brewer. During a search of the vehicle following the arrest, a back-up officer recovered a pager displaying Huddleston's numerical message from the Blazer's front console. A short time later, C.A.N.E. Unit officers apprehended Dickerson as he left the home of Brewer's grandmother, after turning over the sale proceeds. Examinations of Dickerson and Brewer revealed that each bore traces of the invisible "clue" spray that C.A.N.E. unit officers had applied to the funds prior to the transaction.
 
 
 7
 On September 19, 1991, a federal grand jury indicted Brewer on three counts of unlawful distribution of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of employing a person under eighteen years of age to make a drug distribution, in violation of 21 U.S.C. Sec. 861(a)(1). On April 27, 1992, a jury found Brewer guilty on all four counts. The district court issued judgment against Brewer on August 27 and sentenced him to imprisonment for twelve years and seven months with ten years of supervised release. Brewer filed a timely notice of appeal.
 
 
 8
 Initially, Brewer contends that the government failed to produce sufficient evidence of knowledge, intent to distribute, and possession, requisite elements of the offenses with which he is charged. The standard of review on questions of sufficiency of the evidence is narrow. In criminal cases such as this one, we look only to whether after reviewing "the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Indeed, even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 
 9
 Given this standard, Brewer's contentions of insufficient evidence ring hollow. Dickerson testified at trial that Brewer is commonly known as "Bucky," drives the blue Blazer involved in each of the transactions, directed Dickerson to make the final sale to Huddleston, and provided him with specific instructions for deposit of the drug sale proceeds with Brewer's grandmother. Moreover, C.A.N.E. Unit officers identified Brewer as the driver of the Blazer during the first and third transactions, recovered the pager used to arrange the exchanges from Brewer's possession, and detected traces of the "clue" spray on Brewer's person. A rational jury could have found from the evidence presented at trial that Brewer knowingly possessed the crack cocaine with the intent to distribute it. Accordingly, we hold that there was sufficient evidence to support Brewer's conviction.
 
 
 10
 Brewer also objects to the district court's admission of the pager recovered from the blue Blazer, claiming that the United States failed to establish both possession of the pager by Brewer and the proper chain of custody. As Federal Rule of Evidence 403 commits the decision to admit relevant, but potentially prejudicial, evidence to the sound discretion of the trial court, we review the district court's ruling under an abuse of discretion standard. United States v. Moore, 917 F.2d 215, 233 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1590 (1991).
 
 
 11
 Despite Brewer's contentions to the contrary, we are unable to find an abuse of discretion warranting reversal here. This Court recognizes that "challenges to the chain of custody go to the weight of the evidence, not its admissibility." United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied sub nom. Black v. United States, 498 U.S. 1091 (1991). Moreover, the government was able to demonstrate that Brewer, the sole occupant of the blue Blazer at the time of his arrest, possessed the pager used to arrange the drug transactions at issue. See United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.) (constructive possession exists when a person "has the power and the intention at a given time to exercise dominion and control over an object."), cert. denied, 414 U.S. 866 (1973). The district court's determination that the relevance of the pager outweighed its prejudicial impact was a proper exercise of its substantial discretion and will not be reversed by this Court.
 
 
 12
 Finally, Brewer contends the trial court improperly admitted his response to a routine police booking question which was elicited before the officers advised Brewer of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). This contention lacks merit. As the Supreme Court recently held, questions to secure the biographical data necessary for routine booking procedures fall outside the coverage of Miranda. Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990); see also United States v. Avery, 717 F.2d 1020, 1024-25 (6th Cir.1983) ("the routine gathering of biographical data for booking purposes should not constitute interrogation under Miranda"), cert. denied, 466 U.S. 905 (1984). Accordingly, despite the fact that the content of Brewer's answer to the question regarding his current age was incriminating, Brewer's reply was properly admitted at trial.
 
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation