14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick Duan HOWARD, Defendant-Appellant.
 No. 93-5307.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1993.
 
 Before: KENNEDY, MARTIN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Derrick Duan Howard appeals his jury conviction for aiding and abetting possession of cocaine base with the intent to distribute and for carrying and using a firearm in relation to a drug trafficking crime. Howard contends that the evidence presented at trial, which consisted largely of testimony given by a codefendant who pled guilty, was insufficient to support his convictions. For the following reasons, we affirm.
 
 
 2
 On October 28, 1991, officers with the Memphis Police Department executed a search warrant at an apartment located at 1025 National in Memphis, Tennessee. As the officers forced their way into the apartment, they observed Howard emerging from a rear bedroom. An officer immediately propelled Howard to the floor, conducted a pat-down frisk, and discovered a loaded pistol in Howard's rear pants pocket.
 
 
 3
 Simultaneously, other officers apprehended and searched the three additional occupants of the apartment. After finding two pieces of crack cocaine on Belinda McAtee, the officers asked her if additional drugs were secreted in the apartment. McAtee answered yes, led officers to a back bedroom, and pointed out a black pouch hidden under a recliner chair. This pouch contained 13.5 grams of cocaine, a bottle filled with a common drug-cutting agent, plastic baggies, and a set of scales. During a subsequent search of the apartment, the officers discovered a shotgun concealed in a bedroom closet, a .22 caliber revolver hidden under a mattress, and men's clothing in one of the closets.
 
 
 4
 On November 5, a federal grand jury indicted Howard and McAtee on one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. In addition, Howard was charged with carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). Pursuant to a plea bargain agreement with the United States, McAtee entered a guilty plea to aiding and abetting the possession of cocaine base with the intent to distribute. McAtee also agreed to testify against Howard.
 
 
 5
 Howard's trial began on August 3, 1992. Following almost two days of testimony, a jury found Howard guilty of both charges. On October 30, the district court sentenced Howard to imprisonment for eleven years and six months with four years of supervised release. Howard filed a timely notice of appeal.
 
 
 6
 Initially, Howard maintains that the government failed to produce sufficient evidence to establish the requisite elements of the drug offense with which he was charged. Reduced to its essence, Howard's argument is very simple: the uncorroborated testimony of his codefendant, Belinda McAtee, does not support his conviction for possession with intent to distribute cocaine. Characterizing McAtee as an inherently unreliable crack addict, Howard maintains that McAtee's trial testimony was self-serving and should not have been considered by the jury. Because the prosecution's case relied upon McAtee's testimony, Howard insists that it failed to present sufficient evidence to sustain his conviction. We disagree.
 
 
 7
 In addressing sufficiency of the evidence questions, this Court has long recognized that we do not weigh the evidence, consider the credibility of witnesses or substitute our judgment for that of the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989). Instead, we look only to whether after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Indeed, even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 
 8
 Given this standard, Howard's sufficiency of the evidence argument, which rests only on the alleged unreliability of McAtee's testimony, must fail. See United States v. Farley, 2 F.3d 645, 652 (6th Cir.1993) (recognizing that "attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence"), cert. denied, --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ----, 1993 WL 481840, 1993 U.S. LEXIS 7933 (U.S. Dec. 13, 1993); United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988) (witness credibility is a matter solely within the province of the jury). At trial, McAtee testified that the cocaine found in the black pouch belonged to Howard, who resided in the apartment. McAtee also recounted that she had observed Howard selling drugs and that he had made three or four such sales on the day of his arrest. Despite extensive cross-examination aimed at discrediting McAtee, the jury chose to return a verdict of guilty on Count One. After reviewing the record, we conclude that, on the evidence presented, the jury could have found beyond a reasonable doubt that Howard aided and abetted possession of cocaine with the intent to distribute. Accordingly, the district court properly denied Howard's motion for a judgment of acquittal.
 
 
 9
 Raising a second sufficiency of the evidence argument, Howard also challenges the district court's denial of his motion for a judgment of acquittal on Count Two. In short, Howard contends that the evidence presented at trial is insufficient to support his conviction for carrying and using a firearm because there was contradictory testimony about the caliber of the pistol recovered from his pocket. This argument is meritless. See United States v. Martinez, 981 F.2d 867, 872 (6th Cir.1992) (evidence supported conviction even though evidence at trial differed from certain language in the indictment), cert. denied, 113 S.Ct. 1874 (1993); see also United States v. Robison, 904 F.2d 365, 369 (6th Cir.) (specific type of firearm is not an essential element of the crime), cert. denied, 498 U.S. 946 (1990).
 
 
 10
 Count Two charged that Howard "did knowingly and intentionally carry and use a firearm, that is a .22 caliber pistol." During testimony, however, Officer Berryhill, who searched Howard at the scene, testified that he "found a .25 automatic pistol in [Howard's] rear pants pocket." Joint Appendix at 40. On the other hand, the evidence envelope classified the weapon as a .22 caliber pistol, the evidence officer recounted that he labeled a Jennings .22 caliber automatic pistol removed from Howard's pocket, and the gun itself bore markings indicating that it was a .22 caliber. From the evidence in the record, we find that the jury could have concluded beyond a reasonable doubt that Howard carried and used a .22 caliber pistol. Accordingly, we hold that Howard's conviction on Count Two is supported by sufficient evidence and that the district court properly denied Howard's motion for a judgment of acquittal.
 
 
 11
 For these reasons, the judgment of the district court is affirmed.