38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant Cross-Appellee,
v.
Ellis McHENRY, Defendant-Appellee Cross-Appellant.
 Nos. 93-3935, 93-4041.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claiming that his conviction on three counts of carjacking, and that his subsequently vacated convictions on three related counts of committing a crime of violence using a firearm do not rest on sufficient evidence, Ellis McHenry appeals his conviction and sentence. The United States cross-appeals the order vacating McHenry's conviction on the three counts of committing a crime of violence using a firearm. We reverse the judgment vacating the firearm counts, but otherwise affirm.
 
 
 2
 The saga of this case begins with the first of three armed carjackings, a new legal term of art, when on January 28, 1993, McHenry approached Dexter Monroe as Monroe stood next to his girlfriend's automobile at a gas station in Cleveland, Ohio. McHenry asked Monroe if he needed drugs and then asked to "rent" Monroe's car. When Monroe refused to let McHenry have the car, McHenry pointed a handgun at Monroe, hit Monroe with the gun, and ordered Monroe away from the car. McHenry then drove away in the car.
 
 
 3
 On February 1, McHenry demanded that Tiffany Martin and Wanda Patterson provide him with a ride in Martin's car to the Cliffview Apartments in Cleveland. Martin's two-year old daughter was in the vehicle with her. Once they arrived at the apartment complex, McHenry placed a clip of ammunition in a semi-automatic pistol. McHenry robbed Martin of her cash, ordered the victims from the car at gunpoint, and drove off in the vehicle.
 
 
 4
 Three days later, Ann Weller, a teacher of emotionally handicapped children, was getting into her car with two of her students when McHenry entered her automobile. McHenry entered the back seat of the car and pointed a gun at the back of Weller's head. After one child fled the vehicle, McHenry shoved the second child across the backseat. As Weller turned to push the second child out of the car, she could see McHenry and the gun next to her face. McHenry ordered Weller out of the car and then drove off in the car.
 
 
 5
 On February 8, officers with the Cleveland Police Department arrested McHenry for the three carjackings.
 
 
 6
 On March 17, a federal grand jury returned a seven-count indictment against McHenry. Three counts charged McHenry with carjacking in violation of 18 U.S.C. Sec. 2119. He was also charged with three counts of using or carrying a firearm in relation to a crime of violence, 18 U.S.C. Sec. 924(c), as to each carjacking count (which would be sentencing enhancements), and one count of violating 18 U.S.C. Sec. 922(g)(5), receipt and possession of a firearm by an illegal alien.
 
 
 7
 On April 12, McHenry moved for dismissal of the three Section 924(c) counts, the sentencing enhancement counts, maintaining that the charges constituted double jeopardy. The district court denied this motion, and after a trial the jury convicted McHenry on all counts. McHenry then renewed his double jeopardy argument. At this stage, the district court granted McHenry's motion to vacate the Section 924(c) charges, concluding that Congress was silent on the issue of whether a Section 924(c) enhancement applied where the predicate offense was carjacking. Thus, McHenry was sentenced only on the underlying carjacking offenses.
 
 
 8
 The district court sentenced McHenry to a term of eight years and one month, with a three-year term of supervised release, for the carjacking and possession of a firearm by an alien counts. Although the district court denied the government's motion to increase McHenry's sentence two levels under Section 3A1.1 of the United States Sentencing Commission Guidelines Manual, (Nov. 1992) ("Guidelines "), the court departed from the Guidelines to increase McHenry's offense level two levels because the victims included two small children who were emotionally disabled and Weller and the children were traumatized by McHenry's actions. The district court felt this factor was not considered by the Commission in drafting the Guidelines. Here, McHenry claims his convictions rest on insufficient evidence because the testimony of each victim is unreliable and uncredible. We look to sufficiency of the evidence issues only "in the light most favorable to the government," and then view whether "any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 
 9
 While McHenry claims that the victims' testimony is inconsistent and not worthy of belief, the record establishes that the victims gave testimony from which the jury could logically decide that McHenry had committed all the elements of the crimes with which he was charged. Further, there is just too much other relevant testimony by witnesses as to circumstantial evidence regarding the carjackings not to reach the conclusion, beyond a reasonable doubt, that McHenry committed the offenses charged.
 
 
 10
 The real issue we face in this appeal is McHenry's argument that his convictions under 18 U.S.C. Secs. 2119 and 924(c) violate the Double Jeopardy Clause. Here, McHenry faces under Section 924(c) multiple punishments, and not successive prosecutions. In United States v. Johnson, 22 F.3d 106 (6th Cir.1994), our first carjacking case addressing this issue and holding the multiple punishments to be constitutional, this Court held that a defendant could be convicted and punished under both 18 U.S.C. Sec. 924(c) and the carjacking statute without violating the Double Jeopardy Clause. 22 F.3d at 106. McHenry, on the other hand, argues that United States v. Dixon, 113 S.Ct. 2849 (1993), only is controlling and that Dixon requires this Court to apply the Blockburger "same elements" double jeopardy test, Blockburger v. United States, 284 U.S. 299 (1932), without inquiry into whether Congress intended to impose multiple punishments. While not totally understanding the debate in the opinion, we believe that Dixon is inapposite for carjacking cases. The Court in Dixon was primarily concerned with overruling the Grady "same elements" test for determining when double jeopardy occurs. Dixon, 113 S.Ct. at 2855 (citing Grady v. Corbin, 495 U.S. 508 (1990)). While lacking some clarity, the Supreme Court did not state that it intended to overrule its prior determinations that Congress may impose multiple punishments without violating Double Jeopardy. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983); Albernaz v. United States, 450 U.S. 333, 340-44 (1981). We believe a fair reading of the holding in Dixon does not change the method of statutory investigation we must use to determine whether Section 924(c) violates the Double Jeopardy Clause in a multiple punishments case; therefore, because of this Court's holding in United States v. Johnson, we find the district court erred in vacating McHenry's convictions under Section 924(c) and they must be reinstated.
 
 
 11
 Thus, the decision on the merits is affirmed as to the original jury verdict. The case is remanded so that McHenry may be resentenced on the jury conviction. We agree with the district court that Section 3A1.1 of the Guidelines relates to targeting "vulnerable victims" such as children, a fact not proven here; nor would the upward departure seem appropriate in light of the three Section 924(c) convictions. We leave that, however, to the district court.